KARL S. HALL
Reno City Attorney
JONATHAN D. SHIPMAN
Assistant City Attorney
Nevada State Bar No. 5778
*shipmanj@reno.gov*
WILLIAM J. McKEAN
Deputy City Attorney
Nevada State Bar No. 6740
*mckeanw@reno.gov*
CHANDENI K. SENDALL
Deputy City Attorney
Nevada State Bar No. 12750
*sendallc@reno.gov*
Post Office Box 1900
Reno, Nevada 89505
(775) 334-2050
*Attorneys for Defendant City of Reno*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JEFF LONG and MARIA MARTINEZ, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF RENO, a political subdivision of the State of Nevada, and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO.: 3:21-cv-00023-MMD-CLB<br><br>**DEFENDANT CITY OF RENO'S MOTION TO DISMISS** |

Defendant City of Reno ("Defendant" or the "City"), by and through its attorneys, Reno City Attorney Karl S. Hall, Assistant City Attorney Jonathan D. Shipman, and Deputy City Attorneys William J. McKean and Chandeni K. Sendall, hereby submits its Motion to Dismiss Plaintiffs' Verified Complaint for failure to state a claim upon which relief can be granted. This

1   Motion is made and based on Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"),

2   the pleadings and papers on file herein, and the following memorandum of points and authorities.

3   **MEMORANDUM OF POINTS AND AUTHORITIES**

4   **I. INTRODUCTION**

5   On January 12, 2021, Plaintiffs Jeff Long and Maria Martinez initiated this action under

6   42 U.S.C. § 1983 alleging a violation of the Fifth Amendment's Takings Clause.  ECF No. 1

7   (Complaint), ¶¶94-105.  The Complaint also alleges Nevada state-law claims for inverse

8   condemnation, trespass, conversion, and nuisance.[1]  *Id.*, ¶¶106-127.

9   **II. FACTUAL ALLEGATIONS**

10  Plaintiffs make the following allegations:  Jeff Long and Maria Martinez own a

11  residential property located at 11580 Tupelo Street in Washoe County, Nevada, an area

12  northwest and beyond the jurisdiction of the City of Reno.  *Id.*, ¶¶5-10 & 63.  They purchased

13  the property in 2018, but resided under a lease purchase contract in 2016-2017.  *Id.*, ¶¶64-65.

14  Prior to purchasing the property, Swan Lake overflowed its natural lake boundaries ***for the first***

15  ***time in over 50 years***.  *Id.*, ¶¶15 & 74.  This overflow allegedly "physically invaded" the

16

17  _____

18  [1] The City was served with the Complaint on January 20, 2021.  Since January 5-20, 2021, the City has been served with a total of 27 complaints on behalf of plaintiffs asserting the same

19  causes of action based on similar factual and/or legal allegations.  Those other complaints have been docketed as *Aguilar vs. City of Reno*, 3:21-cv-00011-MMD-CLB; *Berns vs. City of Reno*,

20  3:20-cv-00649-MMD-CLB; *Berry vs. City of Reno*, 3:21-cv-00038-MMD-CLB; *Bushey vs. City of Reno*, 3:20-cv-00650-MMD-CLB; *Cleous vs. City of Reno*, 3:20-cv-00585-MMD-CLB;

21  *Conlin vs. City of Reno*, 3:21-cv-00012-MMD-CLB; *Dekker vs. City of Reno*, 3:20-cv-00712-MMD-CLB; *Donohoe vs. City of Reno*, 3:21-cv-00014-MMD-CLB; *Dutcher vs. City of Reno*,

22  3:21-cv-00015-MMD-CLB; *Estrada vs. City of Reno*, 3:20-cv-00579-MMD-CLB; *Hall vs. City of Reno*, 3:21-cv-00040-MMD-CLB; *Hughett vs. City of Reno*, 3:21-cv-00036-MMD-CLB; *King*

23  *vs. City of Reno*, 3:21-cv-00024-MMD-CLB; *Launer vs. City of Reno*, 3:21-cv-00026-MMD-CLB; *Loffer vs. City of Reno*, 3:20-cv-00711-MMD-CLB; *Nauman vs. City of Reno*, 3:20-cv-

24  00713-MMD-CLB; *New Life Assembly of God vs. City of Reno*, 3:21-cv-00016-MMD-WGC; *Nevarez vs. City of Reno*, 3:21-cv-00017-MMD-CLB; *Novak vs. City of Reno*, 3:20-cv-00586-

25  MMD-CLB; *Pearson vs. City of Reno*, 3:21-cv-00021-MMD-CLB; *Pool vs. City of Reno*, 3:21-cv-00029-MMD-CLB; *Ross vs. City of Reno*, 3:21-cv-00022-MMD-CLB; *Schutte vs. City of*

26  *Reno*, 3:20-cv-00714-MMD-CLB; *Siminoe vs. City of Reno*, 3:20-cv-00595-MMD-CLB; *Sotelo*

27  *vs. City of Reno*, 3:21-cv-00037-MMD-CLB; and *Spencer vs. City of Reno*, 3:20-cv-00715-MMD-CLB.

28

property between January and May 2017. *Id.*, ¶¶70 & 74. Plaintiffs claim that the overflow was caused by the City's approval of private development and operation of a wastewater treatment plant over the prior 30 years. *Id.*, ¶62. Plaintiffs do not allege they were displaced from their home, but claim that floodwater invaded the driveway and entrance to the property in February 2017. *Id.*, ¶70. They also allege that the septic system was unusable, the well contaminated, and the soils saturated, and that they incurred damages in repair and replacement costs. *Id.*, ¶¶75-77, 80. However, they continued to reside at 11580 Tupelo Street. *Id.*, ¶63.

In May 2017, a class action was commenced in Nevada state court based on the 2017 Swan Lake flooding, and alleging claims of inverse condemnation, trespass, nuisance, and conversion against the City. *Id.*, ¶86. The class action was decertified in July 2020. *Id.*, ¶92. Plaintiffs allege that the class action tolled the statute of limitations "as a matter of law." *Id.*, ¶93.

On January 12, 2021—four years after the alleged "physical invasion"—Plaintiffs initiated this action under 42 U.S.C. § 1983 for a violation of the Fifth Amendment's Takings Clause, along with pendant Nevada state-law claims for inverse condemnation, trespass, conversion, and nuisance. *Id.*, ¶¶94-127.

In addition to the facts alleged in the Complaint, the Court can take judicial notice of the following: Plaintiffs recorded their deed for 11580 Tupelo Street on May 25, 2018. **Exhibit 1** (Doc. No. 4817808). The purchase price was $150,000. **Exhibit 2** (Doc. No. DV-4817808). On January 15, 2021, Plaintiffs sold the property. **Exhibit 3** (Doc. No. 5129309). The sales price as a single family residence was $325,000. **Exhibit 4** (Doc. No. DV-5129309).[2]

### III.  STANDARD OF REVIEW

A motion to dismiss under FRCP 12(b)(6) essentially seeks a "ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983). In such cases,

---

[2] The exhibits attached hereto are public records of the Washoe County Recorder, thus properly subject to judicial notice. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (under Federal Rule of Evidence 201, a court may judicially notice matters of public record).

Reno City
Attorney
P.O. Box 1900
Reno, NV 89505

1    court's review is limited to the contents of the complaint, as well as matters properly subject to

2    judicial notice.  *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003).

3        To "survive a motion to dismiss, a complaint must contain sufficient factual matter,

4    accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

5    U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In this

6    regard, a plaintiff must allege "more than labels and conclusions" or a "formulaic recitation of

7    the elements of a cause of action."  *Twombly*, 550 U.S. at 555.   The factual allegations "must be

8    enough to raise a right to relief above the speculative level on the assumption that all the

9    allegations in the complaint are true (even if doubtful in fact)."  *Id.* (citation omitted).  However,

10   a court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal,*

11   556 U.S. at 679 (*quoting Twombly* at 555).  Finally, a complaint may be dismissed where "the

12   running of the statute is apparent on the face of the complaint."  *Jablon v. Dean Witter & Co.*,

13   614 F.2d 677, 682 (9th Cir. 1980).

14       Accordingly, a dismissal of this case may be based on: (a) the lack of a cognizable legal

15   theory, or (b) insufficient facts under a cognizable legal theory.  *SmileCare Dental Group v.*

16   *Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted).  In

17   addition, dismissal may be granted where the running of the applicable statute of limitation is

18   apparent from the face of the complaint.  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

19   Based upon these standards, Plaintiffs' Complaint should be dismissed.

### IV.  LEGAL ARGUMENT

21       Plaintiffs' sole federal claim is an action under 42 U.S.C. § 1983.[3]   For the reasons

22   discussed below, this claim fails as a matter of law.  In the absence of a valid federal claim, this

---

[3] A plaintiff "complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."  *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (citation omitted); *see also Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 655 (9th Cir. 2003) ("Taking claims must be brought under § 1983.").  In addition, while Plaintiffs also seek a declaration of their rights pursuant 28 U.S.C. § 2201, that statute does not provide an independent source of federal jurisdiction, but merely provides an additional remedy once

1  Court should decline to exercise jurisdiction over Plaintiffs' pendant state-law claims.  However,

2  even if the Court were to exercise supplemental jurisdiction, Plaintiffs' state law claims also fail

3  as a matter of law.

4  **A.      Plaintiffs' sole federal claim fails as a matter of law.**

5          As previously noted, Plaintiffs assert only one federal claim in this case—a Fifth

6  Amendment takings claim under Section 1983.  Accepting their allegations as true, this claim

7  fails because it is time-barred.  Even if Plaintiffs' federal claim was not time barred, there is no

8  factual basis for their conclusory allegation that the claimed injury was caused by a municipal

9  "policy or custom."

10         **1.      Plaintiffs' Section 1983 claim is time barred.**

11         In Nevada, a Section 1983 claim is subject to a two-year statute of limitations.  *Perez v.*

12  *Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (applying NRS 11.190(4)(e) (*citing Wilson v. Garcia*,

13  471 U.S. 261, 279-80 (1985) (ruling that the applicable state statute of limitations for Section

14  1983 claims is the limitations period for personal injury claims)).  A Section 1983 claim is also

15  subject to Nevada's tolling provisions.  *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999)

16  ("where the federal courts borrow the state statute of limitations, we also borrow the forum

17  state's tolling rules").  Finally, such a claim accrues when the plaintiff knows or has reason to

18  know of the underlying injury.  *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

19         Here, the alleged unlawful taking occurred in February 2017—when the Plaintiffs

20  contend they became aware of the City's alleged physical invasion.  ECF No. 1, ¶¶70 & 74.

21  Thus, the applicable two-year limitations period expired two years later—in February 2019.

22  This Complaint, however, was filed on January 12, 2021, which is nearly 2 years after the statute

23  of limitations period ended.

24         Apparently recognizing this patent defect, Plaintiffs allege that the statute of limitations

25  period was tolled by a previously-decertified state-court class action.  *Id.*, ¶93 ("For the purposes

26

27

28  jurisdiction is found to exist on another ground.  *See Benson v. State Bd. of Parole and*
*Probation*, 384 F.2d 238, 239 (9th Cir. 1967).

of statute of limitations, all periods between October 30, 2017 and July 6, 2020 are tolled *as a matter of law* for each member of the class action.") (emphases added).  Presumably, Plaintiffs rely on the doctrine of class action tolling, as announced in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).  That doctrine does not apply here; as it applies "within the federal court system in federal question class actions only."  *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp*., 878 F. Supp. 2d 1009, 1014-15 (C.D. Cal. 2011).

Where members of a decertified *state* class action seek to bring subsequent claims in *federal* court based on class action tolling, the forum state must first have adopted the doctrine of cross-jurisdictional tolling.  *Clemens v. DaimlerChrysler Corp*., 534 F.3d 1017, 1025 (9th Cir. 2008) (noting that only a "handful of states" have adopted cross-jurisdictional tolling).  Nevada has *not* done so.  *Archon Corp. v. Dist. Ct.*, 133 Nev. 816, 407 P.3d 702 (2017) (declining to adopt "[c]ross-jurisdictional class-action tolling", which "would suspend the statute of limitations . . . even if the class action was pending in a different jurisdiction than the one in which the individual plaintiff later brings suit.").  When a state has not addressed the issue of cross-jurisdictional tolling, a federal court will refrain from importing the doctrine into the state. *Clemens*, 534 F.3d at 1025.  Thus, cross-jurisdictional tolling is not applicable in this case.

In summary, Plaintiffs' Section 1983 claim is time barred under the applicable two-year statute of limitations, and that period is not tolled by a state-court class action because Nevada has not adopted the doctrine of cross-jurisdictional class action tolling.

**2.     Plaintiffs fail to state a claim for municipal liability under Section 1983.**

To state a Section 1983 claim, a plaintiff must identify a municipality's "policy or custom" that caused the alleged injury.  *Monell v. New York City Dep't of Social Serv's*, 436 U.S. 658, 694 (1978).  A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law."  *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).  A practice is a "custom" only if it is "so persistent and widespread that it constitutes a permanent and well settled city policy."  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (citation omitted).  Negligence is not enough.  *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986) ("lack of due care

1   suggests no more than a failure to measure up to the conduct of a reasonable person.").  And

2   more proof than a single incident is necessary to establish the requisite fault on the part of the

3   municipality.  *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) ("A single constitutional

4   deprivation ordinarily is insufficient to establish a longstanding practice or custom."); *Davis v.*

5   *City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) ("A plaintiff cannot prove the existence

6   of a municipal policy or custom based solely on the occurrence of a single incident . . ..").

7           Here, in a superficial attempt to plead a valid *Monell* claim, Plaintiffs include a

8   conclusory statement that the City has a "practice and policy of unlawfully using [11580 Tupelo]

9   as storage for its flood waters."  ECF No. 1, ¶101.  The Complaint alleges no factual basis for

10   such a legal conclusion.  To the contrary, the only formal municipal policy Plaintiffs' specifically

11   identify is one intended to "***mitigate*** potential flooding in the area."  *Id.*, ¶42 (emphasis added).

12   In the absence of any supporting factual allegation, Plaintiffs' claim of an unlawful City policy

13   amounts to nothing more than a "formulaic recitation," which is insufficient to state a Section

14   1983 claim.  *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (affirming

15   dismissal of a *Monell* claim that "lack[ed] any factual allegations that would separate [it] from

16   the 'formulaic recitation of a cause of action's elements' deemed insufficient by *Twombly*.").

17   Plaintiffs appear to be attempting to allege that the flooding was caused by the City's ***failure*** to

18   enforce its policy intended to "mitigate potential flooding in the area."  ECF No. 1, ¶42.  In that

19   case, however, such an allegation would amount to mere negligence, which is also insufficient to

20   state a Section 1983 claim.  *Daniels*, 474 U.S. at 333-36.

21           Alternatively, it may be that Plaintiffs are attempting to allege their claimed injury was

22   caused by a "practice" of the City.  ECF No. 1, ¶¶32, 46 (alleging the City has maintained and

23   operated public infrastructure "since the early 1980s," and approved development plans since

24   2002.  However, controlling case law holds that absent a "formal governmental policy," a

25   plaintiff must allege that their claimed injury was caused by a "longstanding practice . . . which

26   constitutes the standard operating procedure of the local government entity."  *Trevino*, 99 F.3d at

27   918 (citations omitted).  Here, Plaintiffs ***admit*** in their allegations that this type of flooding has

28   ***never occurred in the prior 50 years***.  ECF No. 1, ¶15.  Such an allegation is inconsistent with

the existence of any longstanding City practice to use Plaintiffs' property at 11580 Tupelo as "storage for [the City's] flood waters." *Id.*, ¶101.

Accordingly, Plaintiffs fail to state a Section 1983 claim for municipal liability under the requirements set forth in *Monell.*

### 3.   The Court should decline to exercise Supplemental Jurisdiction.

Pursuant to 28 U.S.C. § 1367(a), a federal court may exercise supplemental jurisdiction over a plaintiff's claims arising out of state law where said claims form part of the same case or controversy as do the federal questions at issue.  The Court may decline, however, to exercise supplemental jurisdiction over state law claims if the court determines that the federal claims warrant dismissal.  28 U.S.C. § 1367(c)(3).  "If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Wade v. Regional Credit Association*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice").

Accordingly, upon this Court's dismissal of Plaintiffs' sole federal claim premised on 42 U.S.C. § 1983, Plaintiffs' state law claims should be wholly dismissed as well.

### B.   Plaintiffs' state law claims each fail as a matter of law.

Even if this Court were to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, independent grounds for dismissal exist.  First, Plaintiffs' three tort claims are barred by the applicable Nevada statute of limitations.  Second, Plaintiffs fail to allege the elements necessary to a state takings claim based on flooding under Nevada law.[4]

### 1.   Tort statute of limitations: Trespass, Conversion, Nuisance

Plaintiffs' tort claims are based on state law, and therefore, Nevada law governs the statute of limitations.  *Sierra Diesel Injection Serv. v. Burroughs Corp.*, 648 F. Supp. 1148, 1152 (D. Nev. 1986) (the local law of the forum determines whether a claim is barred by the statute of

---

[4] The limitations period for an inverse condemnation claim under Nevada law is 15 years.  *City of N. Las Vegas v. 5th & Centennial, LLC*, 130 Nev. 619, 625, 331 P.3d 896, 900 (2014).

1  limitations).  Under Nevada law, the torts of trespass, conversion and nuisance are all subject to a

2  three-year statute of limitations.  NRS 11.190(3); *Kaplan v. Cty of Washoe*, 2020 WL 2843446, *

3  (Nev. May 29, 2020) 464 P.3d 127 (unpublished disposition) (concluding that NRS 11.190(3)

4  provides a three-year statute of limitations for trespass and nuisance and "does not provide an

5  exception for claims of a continuing nature"); *Palludan v. Bergin*, 78 Nev. 441, 443, 375 P.2d

6  544, 545 (1962) (action for conversion subject to the three-year statute of limitations); *see also*

7  *Gann v. Saylor*, No. 3:15-CV-00264-MMD-WGC, 2015 WL 13707450, at *6 (D. Nev. Aug. 20,

8  2015) (claims for trespass to real property and conversion are subject to the three-year statute of

9  limitations).

10        In this case, the last acts or omissions Plaintiffs attribute to the City as somehow causing

11  the flooding in 2017 occurred in April 2017.  ECF No. 1, ¶¶54-56.  As such, Plaintiffs fail to

12  allege facts in support of their state tort claims within three years of the Complaint having been

13  filed on January 12, 2021.  Accordingly, Plaintiffs' three state tort claims (trespass, conversion

14  and nuisance) are barred by the applicable Nevada statute of limitations.

15        **2.**     **Inverse condemnation (Nevada law).**

16        Plaintiffs fail to state a claim for inverse condemnation under Nevada law.  Such liability

17  presents a question of law.  *City of Las Vegas v. Cliff Shadows Prof'l Plaza, LLC*, 129 Nev. 1,

18  11, 293 P.3d 860, 866 (2013); *see also Fritz v. Washoe Cnty.*, Case No. 75693, 2019 WL

19  2339457, *2, note 2 (May 31, 2019) (unpublished disposition), *cert. denied*, 2020 WL 2105277

20  (U. S. May 4, 2020) (*Fritz II*).[5]  Under Nevada law, a party claiming a taking based on the

21  diversion of surface water must allege (a) physical invasion of flood waters, and (b) resulting

22  substantial injury.  *Buzz Stew, LLC v. City of N. Las Vegas*, 131 Nev. 1, 341 P.3d 646, 650

23  (2015) (*citing Cnty. of Clark v. Powers*, 96 Nev. 497, 501 n. 3, 504, 611 P.2d 1072, 1075 n. 3,

24  1076 (1980); *Fritz II*, *3 (ruling a taking by flooding was not established where a property had

25  "only flooded three times and none of those times resulted in substantial damage sufficient to

26

27

28

---

[5] The Nevada Supreme Court's ruling in *Fritz II* followed its prior determination that the district court's findings were insufficient to determine if there was a taking.  *Fritz v. Washoe Cty.* (*Fritz I*), 132 Nev. 580, 586, 376 P.3d 794, 796 (2016).

Reno City
Attorney
P.O. Box 1900
Reno, NV 89505

destroy or impair the property's usefulness").  Mere damage to property does not suffice.  *Sloat v. Turner*, 93 Nev. 263, 268, 563 P. 2d 86, 89 (1977) (the Nevada Constitution "provides for compensation based solely on a taking by the state of private property, not for damage thereto.").  Here, Plaintiffs fail to allege any facts to support these requisite elements.

First, the "physical invasion" element requires the subject property be subject to "frequent and inevitable" flooding.  *Powers*, 96 Nev. at 501, 611 P.2d at 1074-5.  Here, the facts alleged by the Plaintiffs fail to satisfy this standard.  Plaintiffs do not allege, for example, that the event that constituted the taking—the overflow of Swan Lake— is "frequent and inevitable."  Instead, they allege that the flooding event in this case occurred for the first time in 2017, and that no such flooding had occurred in the prior 50 years.  ECF No. 1, ¶15.

Second, the "substantial injury" element requires the physical invasion "effectually destroy or impair [the property's] usefulness."  *Fritz*, 2019 WL 2339457, *2 (*citing Powers*, 96 Nev. at 501 n.3, 611 P.2d at 1075 n.3).  Here, Plaintiffs do not allege that the only practical use of the subject property is "as a flood channel."  *See*, *e.g.*, *Clark Cty*., 96 Nev. at 501, 611 P.2d at 1075 (ruling a taking had occurred where the subject "property no longer had a practical use other than as a flood channel").  To the contrary, in November 2020, Plaintiffs sold 11580 Tupelo as a single family residence for $325,000.  **Exhibits 3 & 4**.  This amounts to more than 200 percent of their $150,000 purchase price less than 3 years earlier.  **Exhibits 1 & 2**.  Based on these judicially noticeable facts, Plaintiffs cannot allege the only practical use of the property is "as a flood channel."

Finally, Nevada law is clear that an inverse condemnation claim does not arise from mere damage to property.  *Sloat*, 93 Nev. at 268, 563 P. 2d at 89.  Instead, a taking arises where the "owner loses an interest in [his/her] property," in which case an "award of just compensation is a substitute for that lost interest in the property."  *Argier v. Nevada Power Co*., 114 Nev. 137, 140, 952 P.2d 1390, 1392 (1998).  In this case, however, Plaintiffs fail to identify any property right allegedly taken by the City.  Instead, they allege damage to the property itself, which they subsequently repaired, and the alleged existence of "saturated soils."  ECF No. 1, ¶¶77-78, 80.  These allegations fail to identify any property interest that has allegedly been condemned.

In summary, Plaintiffs fail to state a claim for inverse condemnation under Nevada law.

### V.  CONCLUSION

For all the foregoing reasons, Defendant City of Reno requests that this Court dismiss Plaintiffs' Complaint with prejudice pursuant to FRCP 12(b)(6).

DATED this 5th day of February, 2021.

KARL S. HALL
Reno City Attorney


By:   */s/   William J. McKean*
    JONATHAN D. SHIPMAN
    Assistant City Attorney
    WILLIAM J. McKEAN
    Deputy City Attorney
    CHANDENI K. SENDALL
    Deputy City Attorney
    Post Office Box 1900
    Reno, Nevada 89505
    *Attorneys for Defendant City of Reno*

Reno City
Attorney
P.O. Box 1900
Reno, NV 89505

1

## **CERTIFICATE OF SERVICE**

2

Pursuant to LR IC 5-1, I certify that I am an employee of the RENO CITY ATTORNEY'S

3

OFFICE, and that on this date, I am serving the foregoing document on the party(s) set forth below

4

by:

5

_____          Placing an original or true copy thereof in a sealed envelope placed for collection

6          and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following
          ordinary business practices.

7

_____          Personal delivery.

8

 X          CM/ECF electronic service, addressed as follows:

9

10          Luke Busby, Esq.
          316 California Ave #82

11          Reno, NV 89509
          *Attorney for Plaintiffs*

12

13          Doyle Law Office
          4600 Kietzke Lane

14          Suite I-207
          Reno, NV 89502

15          *Attorneys for Plaintiffs*

16

_____          Facsimile (FAX).

17

_____          Federal Express or other overnight delivery.

18

_____          Reno/Carson Messenger Service.

19

20          DATED this 5th day of February, 2021.

21

22                                        By:  /s/  Jeanette Sparks

23                                               Jeanette Sparks
                                               Legal Assistant

24

25

26

27

28

## Exhibit List

| Ex. | Document |
|-----|----------|
| 1 | Grant, Bargain, and Sale Deed (Doc #4817808) |
| 2 | Declaration of Value (Doc #DV-4817808) |
| 3 | Grant, Bargain, Sale Deed (Doc #5129309) |
| 4 | Declaration of Value (Doc #DV-5129309) |

**Reno City
Attorney
P.O. Box 1900
Reno, NV 89505**